# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KRISTIAN DELGADO, #K77366, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-02188-NJR |
| | ) | |
| KENT E. BROOKMAN, | ) | |
| ANTHONY B. JONES, | ) | |
| CHASE M. CARON, | ) | |
| KELLY PIERCE, | ) | |
| JEFFREY A. HUTCHINSON, | ) | |
| and JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kristian Delgado, an inmate in the custody of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts Fourteenth Amendment due process violations in a disciplinary proceeding and a related grievance. He seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On November 1, 2016, Plaintiff received a disciplinary report written by C/O Chase Caron for possession of marijuana. (Doc. 1, p. 4). The adjustment committee, comprised of Lt. Kent Bookman and Sgt. Anthony Jones, held a hearing on the charge on November 7, 2016. *Id*. Despite Plaintiff's written request, his witnesses were not called to the hearing. *Id*. During the hearing, Plaintiff's request for testing of the alleged marijuana was denied. (Doc. 1, p. 5). He argued Caron was not qualified to visually identify the substance as marijuana. *Id.* He also pointed out that the substance was found in a common area that 60-150 inmates had access to while going to the law library and chapel on the day it was found. *Id*. Lt. Brookman rejected Plaintiff's exonerating evidence. *Id*. Plaintiff asked if he "was guilty as soon as I got the ticket." *Id*. In response, Lt. Brookman stated, "now your [sic] starting to see how we do things in Menard." *Id*. Plaintiff protested the biased hearing and the disregard of the facts in his favor. *Id*. Brookman told him to go ahead and file his grievance. *Id.*

The adjustment committee found Plaintiff guilty of possession of marijuana. (Doc. 1, pp. 5, 17). Warden Jeffrey Hutchinson and/or his designee approved the findings of the adjustment committee. (Doc. 1, pp. 5, 17-18). As a result of the disciplinary action, Plaintiff received six months of C grade status, disciplinary segregation, commissary restriction, and visitation restriction. (Doc. 1, p. 17).

Plaintiff filed a grievance in response to the disciplinary proceeding raising the issues that were dismissed out of hand during the hearing. (Doc. 1, p. 5). Grievance officer Kelly Pierce reviewed and denied his grievance. (Doc. 1, p. 13). She found the sanctions imposed in the disciplinary proceedings to be correct based on the nature of the charges and his disciplinary history. *Id*. Hutchinson and/or his designee concurred in the decision. *Id.*

Plaintiff was placed in disciplinary segregation where the cells are significantly smaller. (Doc. 1, p. 6). The building is filthy and infested by mice, insects, and critters. *Id*. There is constant yelling and kicking of solid steel doors making meaningful sleep sporadic. *Id*. There is a significant limit on the clothing that Plaintiff is allowed to possess and wear outside. *Id*. All visits are no-contact and the use of the phone is restricted or denied. *Id*. Further, while in segregation, he ate all meals in his cell and was confined to his cell for 24-48 hour time periods. *Id*.

Based on the allegations of the Complaint, the Court finds it convenient to divide this action into the following counts:

> Count 1: Fourteenth Amendment due process claim against Defendant Caron for writing a false disciplinary report against Plaintiff.
>
> Count 2: Fourteenth Amendment due process claim against Brookman and Jones for punishing Plaintiff with disciplinary segregation following a disciplinary proceeding in which Plaintiff's witnesses were not called, he was denied an impartial adjustment committee, his written statement was not made part of the record, his exculpatory evidence was ignored, and there was not evidence to support the finding that he was in possession of marijuana.
>
> Count 3: Fourteenth Amendment due process claim against Hutchinson and John/Jane Doe, his designee, for approving the disciplinary decision and the sanctions imposed.
>
> Count 4: Fourteenth Amendment due process claim against Pierce for denying Plaintiff's grievance and Hutchinson and John/Jane Doe, his designee, for approving the denial of the grievance.
>
> Count 5: Illinois indemnification claim under the Illinois Tort Immunity Act, 735 ILCS 10/9-102.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as

inadequately pled under the *Twombly* pleading standard.[1]

**<u>Discussion</u>**

The evaluation of Plaintiff's due process claim involves a two-part inquiry. First, the Court considers whether a constitutionally protected interest was at stake. If it was, the Court must examine whether the disciplinary proceeding was conducted in accordance with procedural due process requirements. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

As to the first inquiry, the Court focuses on Plaintiff's placement in disciplinary segregation.[2] In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). A liberty interest may be implicated by conditions of confinement that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff served six months in disciplinary segregation and has alleged conditions sufficient to trigger a due process interest. Thus, at the pleading stage, Plaintiff has made a sufficient claim that a liberty interest was infringed.

This brings the Court to the second inquiry: Whether the disciplinary proceeding was conducted in accordance with procedural due process requirements. In a prison disciplinary proceeding, procedural due process requires compliance with the protections outlined in *Wolff v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[2] As a result of the disciplinary action, Plaintiff received six months of C grade status, disciplinary segregation, commissary restriction, and visitation restriction. Only the disciplinary segregation presents a viable constitutional claim. *See, e.g.*, *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges); *Overton v. Bazzetta*, 539 U.S. 126, 136 (2003) (withdrawal of visitation privileges for a limited period of time as a disciplinary measure is not a dramatic departure from accepted standards for conditions of confinement).

*McDonnell*, 418 U.S. 539 (1974). Specifically, an inmate is entitled to (1) advanced written notice of the charge against him; (2) the right to appear before an impartial hearing panel; (3) the right to call witnesses and present documentary evidence if prison safety allows; and (4) a written statement of the reasons for the discipline imposed. *Wolff*, 418 U.S. at 563-69. In addition, the disciplinary decision must be supported by some evidence. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

**Count 1**

Allegations of false disciplinary reports do not state a claim where the prisoner is afforded due process in disciplinary proceedings on the allegedly false charge. *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984). An allegation of a false disciplinary report may state a claim, however, if there is not some evidence in support of the disciplinary decision. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Here, Plaintiff alleges the possession of marijuana was false and the disciplinary decision was unsupported by any evidence. He also alleges numerous due process violations in the disciplinary proceeding. These allegations are sufficient for Count 1 to proceed against Caron.

**Count 2**

Plaintiff complains of due process violations in the disciplinary proceeding because: (1) his witnesses were not called; (2) his written statement was not recorded and retained for the record; and (3) his exculpatory evidence was ignored. He also maintains that the possession of marijuana charge was false, and the disciplinary decision was unsupported by any evidence because: (1) the substance was not tested, and Caron was not qualified to identify it based on a visual examination; and (2) the substance was found in a common area in which 60-150 offenders had access. He also alleges bias on the part of the adjustment committee. These issues implicate a violation of the *Wolff*

5

requirements and, therefore, Count 2 will proceed against Brookman and Jones.

**Count 3**

To the extent Plaintiff seeks to hold Hutchinson and/or his designee accountable for the due process violations in the disciplinary proceedings, the facts alleged do not support liability. Defendant Hutchinson and/or John/Jane Doe, his designee, gave administrative approval to the disciplinary action, but was not personally involved in conducting the hearing. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted). Signing off on a disciplinary report does not rise to the level of personal involvement necessary for liability to attach. The claims in Count 3 against Hutchinson and John/Jane Doe will be dismissed without prejudice.

**Count 4**

Plaintiff alleges his due process rights were violated when Pierce denied his grievance and Hutchinson and/or John/Jane Doe, his designee, approved the denial of the grievance. Inmate grievance procedures do not give rise to a liberty interest protected by the due process clause. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The claims in Count 4 against Pierce, Hutchinson, and John/Jane Doe will be dismissed without prejudice.

**Count 5**

Plaintiff pleads an indemnification claim under the Illinois Tort Immunity Act, 735 ILCS 10/9-102, which provides that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages ... for which it or an employee while acting within the scope of his employment is liable...." Plaintiff does not, however, associate any named

defendant with this claim. Nor has he identified any public entity in the case caption that would be responsible under this law. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"). Accordingly, Count 5 will be dismissed without prejudice.

**Motion for Appointment of Counsel**

Plaintiff filed a Motion for Appointment of Counsel (Doc. 2), which is **DENIED**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff discloses no efforts to locate counsel on his own. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Plaintiff appears capable of litigating this matter pro se, given his coherent pleadings and straightforward claim. He may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own.

**Disposition**

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that **Count 1** will proceed against Defendant **Caron** and

**Count 2** will proceed against Defendants **Brookman** and **Jones**.

**IT IS FURTHER ORDERED** that **Counts 3**, **4**, and **5** are **DISMISSED** without prejudice and Defendants **Hutchinson**, **John/Jane Doe**, and **Pierce** are **DISMISSED** without prejudice. The Clerk of the Court is **DIRECTED** to terminate these defendants as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Caron**, **Brookman**, and **Jones**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

DATED:  March 29, 2019

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file Answers to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.