IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KRISTIAN DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2188-RJD |
| | ) | |
| KENT E. BROOKMAN, ANTHONY B. JONES, and CHASE M. CARON, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Kristian Delgado, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). In his complaint, Plaintiff alleges Fourteenth Amendment due process violations related to a disciplinary proceeding. Plaintiff is proceeding in this action on the following claims:

Count One: Fourteenth Amendment due process claim against Defendant Caron for writing a false disciplinary report against Plaintiff.

Count Two: Fourteenth Amendment due process claim against Brookman and Jones for punishing Plaintiff with disciplinary segregation following a disciplinary proceeding in which Plaintiff's witnesses were not called, he was denied an impartial adjustment committee, his written statement was not made part of the record, his exculpatory evidence was ignored, and there was no evidence to support the finding that he was in possession of marijuana.

Now before the Court is the Motion for Summary Judgment filed by Defendants arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 15). Plaintiff timely filed his response on August 13, 2019 (Doc. 18). For the reasons set forth below, the Motion is **DENIED**.

## Background

In their motion, Defendants assert Plaintiff submitted one grievance regarding his November 1, 2016 disciplinary ticket written by Defendant Caron and heard by the Adjustment Committee on November 7, 2016. This grievance, dated November 17, 2016, was reviewed by the Grievance Officer on December 12, 2016 (Doc. 16-1 at 3-5). The Grievance Officer recommended that the grievance be denied, and the Chief Administrative Officer ("CAO"), concurred with the recommendation on December 20, 2016. Plaintiff signed the grievance and indicated his intent to appeal on January 10, 2017. The grievance was received by the Administrative Review Board ("ARB") on January 24, 2017, and was returned to Plaintiff without a decision on the merits because it was received more than 30 days after the CAO's decision and signature date of December 20, 2016.

In response to Defendant's motion, Plaintiff asserts he sent the appeal of his November 17, 2016 grievance, along with a letter addressed to Director Baldwin, on January 10, 2017. Thus, Plaintiff asserts he submitted a timely appeal and argues the grievance should have been addressed on the merits by the ARB.

Also in the records before the Court is a grievance dated November 7, 2016 that relates to the disciplinary hearing at issue in this lawsuit (Doc. 16-1 at 8-9). This grievance was stamped as "Received" on January 9, 2017, but it is not clear who received it on this date. It was also stamped as "Received" by the ARB on January 24, 2017, but it does not appear that the ARB responded to this grievance.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on January 23, 2020. At the hearing, Plaintiff testified he submitted a grievance on November 17, 2016, sixteen days after issuance of the disciplinary ticket at issue.

Plaintiff testified he appealed the CAO's denial of this grievance on January 10, 2017. Plaintiff was in segregation and, per procedure, placed the grievance in the bars of his cell to be placed in the mail. Plaintiff also submitted a letter to Director Baldwin on January 10, 2017. Plaintiff testified he had no control over these documents once he placed them in the bars of his cell.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not

properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a

substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the evidence in the record, the Court finds Plaintiff exhausted his administrative remedies prior to filing this lawsuit.

In particular, the Court finds that Plaintiff attempted to fully exhaust his November 17, 2016 grievance. In so finding, the Court credits Plaintiff's testimony that he placed this grievance in the bars of his cell for delivery to the ARB on January 10, 2017, and notes that Defendants have failed to provide any evidence to the contrary. The Court further finds that the delay in receipt of said grievance by the ARB was beyond Plaintiff's control. The Court also notes the grievance form that was signed by Plaintiff states that the appeal "must be *submitted* within 30 days" after the CAO's decision to the ARB, which conflicts with the statutory text that states the appeal "must be *received*" by the ARB within 30 days after the date of the decision. 20 ILCS 504.850(a) (emphasis added). In light of the foregoing, the Court finds Plaintiff exhausted all available administrative remedies for his November 17, 2016 grievance. The Court notes Defendants did not argue that the contents of this grievance did not exhaust the claims against them and, as such, the Court finds said point has been conceded.

## Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment on the Issue of

Exhaustion of Administrative Remedies (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 29, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**